IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 07-cr-00428-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW PRESTON CAULK,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS INDICTMENT**

Miller, J.

This case is before me after an October 22, 2009 motions hearing and my oral ruling during that hearing on Defendant's motions to dismiss the indictment. During that hearing, I stated that I would issue a written order in addition to my oral rulings, which I do here.

Background [1]

On October 7, 2002, Defendant was convicted in Washington state of an offense which imposed upon him a duty to register as a sex offender. In approximately 2006, Defendant moved from Washington state to Montana and failed to register as a sex offender as required. As a result, Defendant was charged and convicted of failure to register as a sex offender in March 2007, and he was again notified of his duty to

---

[1] My factual findings are based on the information contained in Defendant's motions to dismiss (Docket Nos. 26, 27) and the government's combined response (Docket No. 28), none of which appear to be disputed.

register.  In approximately April 2007, Defendant moved from Montana to Colorado,[2] where he again failed to register as a sex offender.  On October 23, 2007, Defendant was indicted for failing to register as a sex offender, as required under 18 U.S.C. § 2250, the enforcement provision of the Sex Offender Registration and Notification Act ("SORNA").

By way of brief background on SORNA, on July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat 587 (2006).  *United States v. Husted*, 545 F.3d 1240, 1241 n.1 (10th Cir. 2008).  Title I of the Adam Walsh Child Protection and Safety Act was SORNA.  The mandatory registration provision of SORNA provides:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register--
>
> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current

---

[2] It appears as though Defendant also made stops in Wyoming and Utah on his way to Colorado, although it is unclear if he ever actually lived in either of those states.

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
>
> (e) State penalty for failure to comply
>
> Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

The enforcement provision of SORNA provides:

> (a) In general.--Whoever–
>
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or

> leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.
>
> (b) Affirmative defense.--In a prosecution for a violation under subsection (a), it is an affirmative defense that–
>
> (1) uncontrollable circumstances prevented the individual from complying;
>
> (2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and
>
> (3) the individual complied as soon as such circumstances ceased to exist.
>
> (c) Crime of violence.–
>
> (1) In general.--An individual described in subsection (a) who commits a crime of violence under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States shall be imprisoned for not less than 5 years and not more than 30 years.
>
> (2) Additional punishment.--The punishment provided in paragraph (1) shall be in addition and consecutive to the punishment provided for the violation described in subsection (a).

18 U.S.C. § 2250.

On February 28, 2007, pursuant to 42 U.S.C. § 16913(d), the Attorney General issued an Interim Rule clarifying that SORNA applies to all sex offenders, regardless of whether their conviction occurred before SORNA's enactment:

> This rule . . . mak[es] it indisputably clear that SORNA

>applies to all sex offenders (as the Act defines that term) regardless of when they were convicted. The Attorney General exercises his authority under . . . SORNA to specify this scope of application for SORNA, regardless of whether SORNA would apply with such scope absent this rule, in order to ensure the effective protection of the public from sex offenders through a comprehensive national system for the registration of such offenders.

72 Fed.Reg. 8894, 8896 (Feb. 28, 2007).

On November 26, 2008, Defendant filed two motions to dismiss the indictment. One of the motions was based on Colorado's failure to implement SORNA, Due Process violations, and a violation of the nondelegation doctrine (Docket No. 26) and the other motion was based on Commerce Clause violations (Docket No. 27). Specifically, Defendant alleges the following defects which he asserts should result in dismissal of the indictment: (1) SORNA's registration requirements, 42 U.S.C. § 16913, are an impermissible use of Congress' powers under the Commerce Clause; (2) SORNA's enforcement provision, 18 U.S.C. § 2250, is an impermissible use of Congress' powers under the Commerce Clause; (3) prosecution of the Defendant under SORNA violates the Ex Post Facto Clause of the Constitution because Colorado has yet to implement SORNA and the Attorney General has yet to apply SORNA to such states; (4) punishing the Defendant under SORNA violates the Due Process Clause of the Constitution because of the Defendant's inability to comply with SORNA due to Colorado's failure to implement it; (5) punishing the Defendant under SORNA violates the Due Process Clause of the Constitution because the Defendant was never notified of his duty to register under SORNA; and (6) SORNA's retroactivity provision, 42 U.S.C. § 16913(d), violates the nondelegation doctrine of the Consitution. (Def.'s Reply to

Gov't.'s Combined Response 1-2.)

However, after the Defendant filed his motions, the Tenth Circuit Court of Appeals issued two opinions, *United States v. Hinckley*, 550 F.3d 926 (10th Cir. 2008), and *United States v. Lawrance*, 548 F.3d 1329 (10th Cir. 2008), which decided a number of the issues raised by Defendant, as the parties have acknowledged.

On February 26, 2009, I held a hearing on Defendant's motions and asked the parties for additional briefing on one issue.  The parties responded and I held another hearing on Defendant's motions on October 22, 2009.  After considering the parties' arguments and authorities, I orally ruled as follows: I declined to address the constitutionality of 42 U.S.C. § 16913 under the Commerce Clause, as the Defendant was not charged under that section and the issue therefore was not before me. Pursuant to *Hinkley*, I denied Defendant's motion to dismiss based on the constitutionality of 18 U.S.C. § 2250 under the Commerce Clause, the Defendant's motion to dismiss based on the Ex Post Facto Clause due to Colorado's failure to implement SORNA, the Defendant's motion to dismiss based on the Due Process Clause due to Colorado's failure to implement SORNA, and the Defendant's motion to dismiss based on the Due Process Clause due to Defendant's lack of notice.  Finally, I also denied Defendant's motion to dismiss based on the nondelegation doctrine because Defendant lacks standing to raise such a challenge.  This order articulates the reasons for my oral rulings.

## Discussion

As indicated, most of the arguments raised by Defendant in his motions to dismiss have been foreclosed by the Tenth Circuit's rulings in *Hinkley*, 550 F.3d 926,

and *Lawrance*, 548 F.3d 1329, so I will address those first.

Defendant contends that punishing him under SORNA violates the Due Process Clause of the Constitution because he never received notice of his duty to register under SORNA. Although preserving the issue for appeal, Defendant correctly concedes that "[t]he government is likely correct that the Tenth Circuit rejected this lack of notice claim in its recent SORNA opinions." (Def.'s Reply to Gov't.'s Combined Response 10 (internal quotation marks omitted).) The Tenth Circuit held in *Hinkley*, 550 F.3d at 938, that "notice of a defendant's obligations under state law is sufficient to satisfy the Due Process Clause's requirements," and that an offender arrested after SORNA's enactment in July, 2006 is presumed to be aware of that law and its penalties. In this case, Defendant's indictment charges the date of offense in this case was between August, 2007 and October 5, 2007, long after SORNA's enactment in July, 2006 and the Attorney General's Interim Rule in February, 2007. I therefore conclude that Defendant is presumed to be aware of SORNA and its penalties. Furthermore, just like the defendant in *Hinkley*, Defendant had a prior conviction for failure to register and therefore had knowledge of his duty to register as a sex offender under state law, which "is sufficient to satisfy the Due Process Clause's requirements," *Hinkley*, 550 F.3d at 938. Accordingly, Defendant's motion to dismiss the indictment based on Due Process Clause violations due to his lack of notice should be denied.

Defendant also contends that punishing him under SORNA violates his rights under the Due Process Clause because SORNA has yet to be enacted in Colorado, thereby making it impossible for him to comply. Again, although preserving the issue for

appeal, Defendant correctly concedes that *Hinkley* and *Lawrance* likely decide this issue. (Def.'s Reply to Gov't.'s Combined Response 10.) Similar to Defendant's argument here, the defendant in *Hinkley* argued that punishing him under SORNA violated his Due Process rights because "it was impossible to register in Oklahoma during the relevant time period because the state had not yet passed legislation implementing SORNA." However, the court reasoned that "while SORNA does set minimum standards for jurisdictions' registration and notification programs, it does not require statutory implementation." *Id.* at 939 (internal quotations omitted). The Tenth Circuit's reasoning is binding here, and I therefore conclude that Defendant's motion to dismiss the indictment based on Due Process violations because of Colorado's failure to implement SORNA should be denied.

Defendant similarly argues that punishing him under SORNA violates the Ex Post Facto Clause of the Constitution because "SORNA required the Attorney General to detail how the Act is to be applied to those who were 'convicted before . . . its implementation in a particular jurisdiction,'" and "the interim regulation issued by the Attorney General did not specify that SORNA is to be applied to states who have yet to implement SORNA." (Def.'s Reply to Gov't.'s Combined Response 9.) Consequently, Defendant argues that punishing him for conduct which was not unlawful at the time, and still is not unlawful because the law has yet to be implemented in Colorado, violates the Ex Post Facto Clause of the Constitution. Again, the Tenth Circuit decided in *Hinkley*, 550 F.3d at 939, that SORNA does not require statutory implementation by the states, and accordingly, Defendant's motion to dismiss the indictment due to violations of the Ex Post Facto Clause should be denied.

Defendant also argues that SORNA's "retroactivity provision," 42 U.S.C. § 16913(d), violates the nondelegation doctrine. Once again, although preserving the issue for appeal, Defendant notes that the recent opinions by the Tenth Circuit might impact [Defendant's] ability to challenge the constitutionality of the statute" because it held that "§ 16913(d) only applies to those whose prior sex offense conviction did not already require them to register with the state." (Def.'s Reply to Gov't.'s Combined Response 11.) Defendant is correct; just like the defendant in *Hinkley*, Defendant here "is not an offender 'unable to comply with [the initial registration requirements of] subsection (b)," 550 F.3d at 939, because subsection (d) does not apply to offenders, such as Defendant, who are already required to register, *id.* I therefore determine, based on the court's holding in *Hinkley*, 550 F.3d at 939, that Defendant lacks standing to bring this claim and his motion to dismiss the indictment on the basis of the nondelegation doctrine should be denied.

Defendant's final two arguments are related - he alleges that Congress' enactment of the registration provision of SORNA, 42 U.S.C. § 16913, and its enforcement provision, 18 U.S.C. § 2250, constituted impermissible uses of Congress' powers under the Commerce Clause of the Constitution. However, as to the constitutionality of the enforcement provision, Defendant concedes that the Tenth Circuit's opinions in *Hinkley* and *Lawrance* likely decide this issue. (Def.'s Reply to Gov't.'s Combined Response 9.) The Tenth Circuit in *Hinkley*, 550 F.3d at 940, held that Congress' enactment of 18 U.S.C. § 2250 was not an impermissible use of its powers under the Commerce Clause because "[b]y requiring that a sex offender travel in interstate commerce before finding a registration violation, SORNA remains well

within the constitutional boundaries of the Commerce Clause." Accordingly, as Defendant conceded in the February 26, 2009 hearing in this case, *Hinkley* governs here and Defendant's motion to dismiss the indictment based on the alleged Commerce Clause violation associated with Congress' enactment of 18 U.S.C. § 2250 should be denied.

Additionally, as I explained during the October 22, 2009 hearing, I am reluctant to rule on the constitutionality of SORNA's registration requirement, 42 U.S.C. § 16913, because Defendant is not directly charged with violating that statute.  I do recognize that charging and convicting Defendant under 18 U.S.C. § 2250 necessarily implicates 42 U.S.C. § 16913, because the first element required to prove a violation of 18 U.S.C. § 2250 is that the defendant "is required to register under the Sex Offender Registration and Notification Act," 18 U.S.C. § 2250(a)(1), a fact that would have to be proved by determining whether the defendant was required to register under 42 U.S.C. § 16913. However, the interrelatedness of the two statutory sections is not novel to this case; the conviction of any defendant under 18 U.S.C. § 2250 necessarily requires proof that the defendant was required to register under 42 U.S.C. § 16913.  Although the Commerce Clause challenges in *Hinkley* and *Lawrance* were to 18 U.S.C. § 2250, the court in both of those cases also referenced 42 U.S.C. § 16913 in its analysis regarding the Commerce Clause.  *See Lawrance*, 548 F.3d at 1336; *Hinkley*, 550 F.3d at 940 (reasoning that the defendant's Commerce Clause challenge should fail and concluding its reasoning on that point by stating, "[W]e find that [the defendant] has violated SORNA under 42 U.S.C. § 16913(a) and (c).").  However, despite the interrelatedness of the issues, the court in *Hinkley* and *Lawrance* did not find it necessary to rule

explicitly on the constitutionality of 42 U.S.C. § 16913 in finding that the prosecution of the defendant under SORNA was not impermissible under the Commerce Clause, and neither do I.  Accordingly, because the issue of the constitutionality of 42 U.S.C. § 16913 is not directly before me because the Defendant has not been charged under that section, I decline to rule on its constitutionality under the Commerce Clause.

Accordingly, it is ordered:

1. Defendant's motions to dismiss the indictment based on the constitutionality of 18 U.S.C. § 2250 under the Commerce Clause, the Ex Post Facto Clause due to Colorado's failure to implement SORNA, the Due Process Clause due to Colorado's failure to implement SORNA, and the Due Process Clause due to Defendant's lack of notice are denied.

2. Defendant's motion to dismiss the indictment based on the nondelegation doctrine is denied because Defendant lacks standing.

DATED at Denver, Colorado, on November 3, 2009.

BY THE COURT:

s/ Walker D. Miller

United States Senior District Judge